UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN RE: EX PARTE APPLICATION
OF PETRO WELT TRADING
GES.M.B.H FOR ORDER TO
OBTAIN DISCOVERY FOR USE IN
FOREIGN PROCEEDING

Case No: 2:18-mc-5-FtM-38CM

## ORDER

This matter comes before the Court upon review of the *Ex Parte* Application of Petro Welt Trading Ges.m.b.H for an Order Pursuant to 28 U.S.C. § 1782(a) to Obtain Discovery for Use in a Foreign Proceeding (the "Application") filed on March 6, 2018. Doc. 1; *see also* Docs. 2-4. Applicant Petro Welt Trading Ges.m.b.H. ("Applicant" or "Petro Trading") seeks an order authorizing the issuance of subpoenas to obtain discovery from five individuals and one limited liability company for use in pending litigation before the District Court of Nicosia, Cyprus ("the Foreign Proceeding").[1] For the reasons discussed below, the Court will grant the application and permit Petro Trading to serve its proposed subpoenas on Meggie M. Counts, Richard A. Counts, MRLDS LLC, Peter Justinius, Laura Justinius and Lelan Wheeler (collectively "Respondents").

---

[1] Included with the Application are a Proposed Order; a Memorandum of Law in Support of the Application; the declaration of Oleg Stolyar, counsel for Petro Trading, and its attached exhibits; and the declaration of Chrysanthos Christoforou, counsel for Petro Trading, and its attached exhibits. *See* Docs. 1, 1-1, 2-4.

I. Background

Applicant is one of several plaintiffs in the Foreign Proceeding, which "seeks redress for the fraudulent scheme" through which the defendants in that case—CAT Partnership, AB PCO and Anna Brinkmann—allegedly abused positions of authority to "diver[t] funds to themselves in violation of their contractual and fiduciary obligations." Doc. 2 at 1-2; *see also* Doc. 4 at 4. Applicant alleges Ms. Brinkmann sent proceeds of the fraud to her son, Edward Brinkmann, or to his company, Majab Development LLC ("Majab"), to launder and conceal the diverted funds through the purchases of real estate properties. Doc. 1 at 2; Doc. 2 at 1-2, 5-6. Specifically, Majab purchased properties: (1) on March 2, 2015 from Lelan Wheeler for $300,000; (2) on June 12, 2015 from Meggie and Richard Counts for $3,825,000; (3) on November 12, 2015 from Peter and Laura Justinius for $980,000; and (4) on December 30, 2016 from MRDLS LLC for $2,900,000. Doc. 2 at 6; Doc. 3 at 2-3.

Petro Trading filed this Application on March 6, 2018 seeking assistance with obtaining evidence related to Respondents' real estate transactions with Majab. Doc. 1. Applicant wishes to serve subpoenas requiring the production of documents and deposition testimony from each of the Respondents about the real estate sales so Applicant can determine whether the funds used to purchase the properties were proceeds of the alleged fraudulent scheme at issue in the Foreign Proceeding. Doc. 2 at 7; *see also* Doc. 1 at 15-16, 24-25, 32-33, 41-42, 49-50, 58-59.

## II. Discussion

Under 28 U.S.C. § 1782, a United States district court may assist litigants in foreign proceedings with the discovery of documentary and testimonial evidence. The statute states:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . . The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. . . . The order may prescribe the practice and procedure, which may be in whole or party the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.
>
> A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege.

§ 1782(a). A district court is thus authorized to grant a request under § 1782 if the following requirements are met:

> (1) The request must be made by a foreign or international tribunal or by any interested person; (2) the request must seek evidence, whether it be the testimony or statement of a person or the production of a document or other thing; (3) the evidence must be for use in a proceeding in a foreign or international tribunal; and (4) the person from whom discovery is sought must reside or be found in the district of the district court ruling on the application for assistance.

*In re Clerici*, 481 F.3d 1324, 1331-32 (11th Cir. 2007) (internal quotation marks omitted) (citing § 1782(a)).

Accepting as true the information in the Application and its supporting documents, the Court finds Applicant meets the statutory requirements of § 1782 because (1) Applicant is an "interested person" under § 1782 given that Applicant is a plaintiff in the Foreign Proceeding; (2) Applicant seeks documentary and testimonial evidence, as indicated by its proposed subpoenas; (3) the requested discovery is intended for use in pending litigation before the District Court of Nicosia in Cyprus; and (4) Respondents reside in Naples, Florida, within this federal judicial district. *See* Doc. 1 at 6-59, Doc. 2 at 7-9; Doc. 3 at 1-3; Doc. 4 at 9-67.

Even if all the statutory requirements are met, as they are here, a federal district court has discretion to determine whether it will provide the requested assistance. *See In re Clerici*, 481 F.3d at 1332 (quoting *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 255 (2004)). Factors for the court to consider when determining whether to exercise its discretion under § 1782 include:

> (1) Whether the person from whom discovery is sought is a participant in the foreign proceeding, because the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance; (3) whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the request is otherwise unduly intrusive or burdensome.

*Id.* at 1334 (internal quotations marks omitted) (citing *Intel*, 452 U.S. at 264-65).

The Court finds all four of the discretionary factors support granting the Application. First, "Respondents are not and are never expected to be parties in the Foreign Proceeding," meaning their documentary and testimonial evidence may be

"outside the foreign tribunal's jurisdictional reach" and otherwise "unobtainable absent § 1782(a) aid." *See Intel*, 542 U.S. at 264; Doc. 2 at 10. Second, the Declaration of Chrysanthos Christoforou—an attorney in Cyprus—indicates that "Cyprus law does not prohibit a party from seeking evidence abroad by whatever legal means are available to do it," and Mr. Christoforou is "not aware of any reason a Cyprus Court would accept judicial assistance from a United States Court." *See* Doc. 2 at 10; Doc. 4 at 5-6. Further, other United States courts have authorized § 1782(a) aid for legal proceedings in Cyprus before. *See* Doc. 2 at 10 (citing *Gorsoan Ltd. v. Bullock*, 652 F. App'x 7 (2d Cir. 2016); *Weber v. Finker*, 554 F.3d 1379 (11th Cir. 2009)). Third, there is no indication the Application seeks to circumvent Cypriot policy or proof-gathering restrictions. *See* Doc. 2 at 10-11; Doc. 4 at 6; *see also Gorsoan*, 652 F. App'x at 9. Lastly, the Application's request is not unduly intrusive or burdensome because it seeks limited, specific information about Majab's purchases of singular real estate properties sold by each Respondent. *See* Doc. 2 at 11-12; *see also* Doc. 1 at 15-16, 24-25, 32-33, 41-42, 49-50, 58-59. Also, Applicant claimed it will pay the reasonable costs incurred by Respondents in producing documents responsive to the proposed subpoenas. Doc. 2 at 11.

Upon consideration of the statutory requirements of § 1782 and the accompanying discretionary factors, the Court will grant Petro Trading's Application.

ACCORDINGLY, it is hereby

**ORDERED:**

1. The *Ex Parte* Application of Petro Welt Trading Ges.m.b.H for Order to Obtain Discovery for Use in Foreign Proceeding (Doc. 1) is **GRANTED**.

2. Petro Trading is authorized to issue and serve the proposed subpoenas (Doc. 1 at 6-59) on Meggie M. Counts, Richard A. Counts, MRLDS LLC, Peter Justinius, Laura Justinius and Lelan Wheeler to obtain documents and/or take deposition testimony.

3. Service of the subpoenas and any discovery taken pursuant to this Order must comply with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Middle District of Florida.

4. Petro Trading is directed to serve each Respondent a copy of this Order with the respective subpoena.

5. Any licensed Florida court reporter is appointed as a person with the power to administer any necessary oath and to duly take and record deposition testimony or a statement.

6. Petro Trading is directed to pay the reasonable costs incurred by Respondents in producing documents responsive to the Subpoenas.

7. Respondents are directed to preserve documents and evidence, electronic or otherwise, in their possession, custody or control containing information potentially relevant to the subject matter of the Foreign Proceeding as identified in

the subpoenas and in the Application until Petro Trading communicates to them that preservation is no longer necessary or until further order of this Court.

8. Any of the Respondents may, for good cause shown, oppose the giving of evidence, or the circumstances thereof, by motion timely filed with the Court.

**DONE** and **ORDERED** in Fort Myers, Florida on this 9th day of April, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record