UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN RE:   EX PARTE APPLICATION
OF PETRO WELT TRADING
GES.M.B.H FOR ORDER TO
OBTAIN DISCOVERY FOR USE IN
FOREIGN PROCEEDING

Case No: 2:18-mc-5-FtM-38CM

## ORDER

This matter comes before the Court upon review of the Supplemental *Ex Parte* Application of Petro Welt Trading Ges.m.b.H ("Applicant" or "Petro Trading") for Order to Obtain Discovery for Use in Foreign Proceeding (the "Supplemental Application") filed on April 24, 2018.  Doc. 8; *see also* Docs. 9-10.  The Court granted Applicant's previous *Ex Parte* Application (the "Initial Application"), authorizing Applicant to obtain discovery from five individuals and a limited liability company ("Initial Respondents") for use in pending litigation before the District Court of Nicosia, Cyprus ("the Foreign Proceeding").  Doc. 7.  Based on the information furnished by the Initial Respondents, Applicant now seeks an order authorizing the issuance of subpoenas to obtain discovery from two more individuals for use in the Foreign Proceeding.[1]  For the reasons discussed below, the Court will grant the Supplemental Application and permit Petro Trading to serve its proposed subpoenas on Stuart Thompson and Debra Anton ("Secondary Respondents").

---

[1] Included with the Supplemental Application are the proposed subpoenas; a Memorandum of Law in Support of the Supplemental Application; and the declaration of Oleg Stolyar, counsel for Petro Trading, and its attached exhibits.  *See* Docs. 8-1, 8-2, 9, 10.

## I. Background

Applicant is one of several plaintiffs in the Foreign Proceeding, which "seeks redress for the fraudulent scheme" through which the defendants in that case—CAT Partnership, AB PCO and Anna Brinkmann—allegedly abused positions of authority to "diver[t] funds to themselves in violation of their contractual and fiduciary obligations." Doc. 8 at 3-4; *see also* Doc. 9 at 4-5. Applicant alleges Ms. Brinkmann sent proceeds of the fraud to her son, Edward Brinkmann, or to his company, Majab Development LLC ("Majab"), to launder and conceal the diverted funds through the purchases of real estate properties. Doc. 8 at 3; Doc. 9 at 6-7. Specifically, Majab purchased properties: (1) on March 2, 2015 from Lelan Wheeler for $300,000; (2) on June 12, 2015 from Meggie and Richard Counts for $3,825,000; (3) on November 12, 2015 from Peter and Laura Justinius for $980,000; and (4) on December 30, 2016 from MRDLS LLC for $2,900,000. Doc. 9 at 6-7.

Petro Trading filed its Initial Application on March 6, 2018 seeking assistance with obtaining evidence related to Initial Respondents' real estate transactions with Majab. Doc. 1. Specifically, Applicant sought to serve subpoenas requiring the production of documents and deposition testimony from each of the Initial Respondents about the real estate sales so Applicant could determine whether the funds used to purchase the properties were proceeds of the alleged fraudulent scheme at issue in the Foreign Proceeding. Doc. 2 at 7; *see also* Doc. 1 at 15-16, 24-25, 32-33, 41-42, 49-50, 58-59.

Based on the documents and testimony collected from Initial Respondents, Applicant determined Secondary Respondents would likely have "key information" directly relevant to Majab's real estate purchases from the Initial Respondents. Doc. 8 at 2; *see also* Doc. 9 at 7-8. For at least three of the transactions between Majab and the Initial Respondents, Mr. Thompson and Ms. Anton acted as Majab's escrow/settlement agent and real estate agent, respectively. Doc. 8 at 2; Doc. 9 at 8 (citing Doc. 10 ¶¶ 6-7; Doc. 10 at 3-14). Further, at least some of the purchase monies for the transactions passed through Mr. Thompson as an intermediary. Doc. 9 at 8; Doc. 10 ¶¶ 6-7; Doc. 10 at 3-14. Therefore, Applicant asserts Secondary Respondents would likely have relevant documents and testimony regarding the source of the funds used in the transactions such that Applicant could determine whether the funds were proceeds of the alleged fraudulent scheme at issue in the Foreign Proceeding. Doc. 9 at 8.

II. Discussion

Under 28 U.S.C. § 1782, a United States district court may assist litigants in foreign proceedings with the discovery of documentary and testimonial evidence. The statute states:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . . The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. . . . The order may prescribe the practice and procedure, which may be in whole or party the practice and procedure of the foreign country or the international

> tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.
>
> A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege.

§ 1782(a). A district court thus is authorized to grant a request under § 1782 if the following requirements are met:

> (1) The request must be made by a foreign or international tribunal or by any interested person; (2) the request must seek evidence, whether it be the testimony or statement of a person or the production of a document or other thing; (3) the evidence must be for use in a proceeding in a foreign or international tribunal; and (4) the person from whom discovery is sought must reside or be found in the district of the district court ruling on the application for assistance.

In re Clerici, 481 F.3d 1324, 1331-32 (11th Cir. 2007) (internal quotation marks omitted) (citing § 1782(a)).

Accepting as true the information in the Supplemental Application and its supporting documents, the Court finds Applicant meets the statutory requirements of § 1782 because (1) Applicant is an "interested person" under § 1782 given that Applicant is a plaintiff in the Foreign Proceeding; (2) Applicant seeks documentary and testimonial evidence, as indicated by its proposed subpoenas; (3) the requested discovery is intended for use in pending litigation before the District Court of Nicosia in Cyprus; and (4) Respondents reside in Naples, Florida, within this federal judicial district. See Doc. 8 at 3; Doc. 8-1 at 8-9; Doc. 8-2 at 8-9; Doc. 9 at 4-5, 9-10; Doc. 10 ¶ 3.

Even if all the statutory requirements are met, as they are here, a federal district court has discretion to determine whether it will provide the requested assistance. *See In re Clerici*, 481 F.3d at 1332 (quoting *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 255 (2004)). Factors for the court to consider when determining whether to exercise its discretion under § 1782 include:

> (1) Whether the person from whom discovery is sought is a participant in the foreign proceeding, because the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance; (3) whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the request is otherwise unduly intrusive or burdensome.

*Id.* at 1334 (internal quotations marks omitted) (citing *Intel*, 452 U.S. at 264-65).

The Court finds all four of the discretionary factors support granting the Supplemental Application. First, "Secondary Respondents are not, and are not expected to be, parties in the Foreign Proceeding," meaning their documentary and testimonial evidence may be "outside the foreign tribunal's jurisdictional reach" and otherwise "unobtainable absent § 1782(a) aid." *See Intel*, 542 U.S. at 264; Doc. 9 at 11. Second, the Declaration of Chrysanthos Christoforou—an attorney in Cyprus—which was submitted in support of the Initial Application, indicates that "Cyprus law does not prohibit a party from seeking evidence abroad by whatever legal means are available to do it," and Mr. Christoforou is "not aware of any reason a Cyprus Court would accept judicial assistance from a United States Court." *See* Doc. 4 at 5-6. Further, other United States courts have authorized § 1782(a) aid for legal

proceedings in Cyprus before. *See* Doc. 9 at 12 (citing *Gorsoan Ltd. v. Bullock*, 652 F. App'x 7 (2d Cir. 2016);*Weber v. Finker*, 554 F.3d 1379 (11th Cir. 2009)). Third, there is no indication the Supplemental Application seeks to circumvent Cypriot policy or proof-gathering restrictions. *See* Doc. 9 at 12 (citing Doc. 4 ¶ 21); *see also Gorsoan*, 652 F. App'x at 9. Lastly, the Supplemental Application's request is not unduly intrusive or burdensome because it seeks limited information about the source of Majab's funds used for specific real estate transactions in which Secondary Respondents were involved. *See* Doc. 9 at 13; *see also* Doc. 8-1 at 8-9; Doc. 8-2 at 8-9. Also, Applicant claims it will pay Secondary Respondents' document production costs. Doc. 9 at 13.

Upon consideration of the statutory requirements of § 1782 and the accompanying discretionary factors, the Court will grant Petro Trading's Supplemental Application.

ACCORDINGLY, it is

**ORDERED:**

1. The Supplemental *Ex Parte* Application of Petro Welt Trading Ges.m.b.H for Order to Obtain Discovery for Use in Foreign Proceeding (Doc. 8) is **GRANTED**.

2. Petro Trading is authorized to issue and serve the proposed subpoenas (Docs. 8-1, 8-2) on Stuart Thompson and Debra Anton to obtain documents and/or take deposition testimony.

3. Service of the subpoenas and any discovery taken pursuant to this Order must comply with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Middle District of Florida.

4. Petro Trading is directed to serve each Secondary Respondent a copy of this Order with the respective subpoena.

5. Any licensed Florida court reporter is appointed as a person with the power to administer any necessary oath and to duly take and record deposition testimony or a statement.

6. Petro Trading is directed to pay the reasonable costs incurred by Secondary Respondents in producing documents responsive to the subpoenas.

7. Secondary Respondents are directed to preserve documents and evidence, electronic or otherwise, in their possession, custody or control containing information potentially relevant to the subject matter of the Foreign Proceeding as identified in the subpoenas and in the Supplemental Application until Petro Trading communicates to them that preservation is no longer necessary or until further order of this Court.

8. Secondary Respondents are directed to produce the requested documents within twenty-one (21) days of service of their respective subpoenas and in compliance with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Middle District of Florida.

9. Any of the Secondary Respondents may, for good cause shown, oppose the giving of evidence, or the circumstances thereof, by motion timely filed with the Court.

**DONE** and **ORDERED** in Fort Myers, Florida on this 26th day of April, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record